IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL PEREZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-01761-L (BT) |
| | § | |
| DALLAS COUNTY COURTS, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Daniel Perez, an inmate in the Dallas County Jail, brings this civil action under 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. The Court has not issued process pending judicial screening. Now, for the following reasons, the magistrate judge recommends that Perez's amended complaint be summarily dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

I.

Perez's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

1

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

II.

Perez names the "Dallas County Courts" as the only defendant in his lawsuit. He claims that this defendant "frivolousely decieved [sic]" him, ignored his true identity, showed a "lack of care [and] concern," was negligent, committed malpractice, maliciously prosecuted him, and "attack[ed]/mangeled [sic]" him. Am Compl. 3, 4 (ECF No. 5). He further states the Dallas County Courts "decieved [sic] tricked to not go to trial; slandered my true identity; showed no remorse to the true health of myself; [and] lack to use reasonable diligence in the handling of a estate, trustee's powers." *Id.* 4.  He also alleges he was physically attacked "all by

2

the threat and order of the judge" and he was "robbed of intellectual property's." *Id.* By his lawsuit, he seeks a trial, discovery, "damages, writ of habeas corpus, [and] compassionate release." *Id.*

But the "Dallas County Courts" are not a jural entity that is subject to suit in a civil action. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government).

It is well-established that a county court is a nonjural entity that is not subject to suit. *Amrhein v. Riechert*, 2013 WL 1155473, at *9 (N.D. Tex. Feb. 1, 2013) (finding that "the Collin County Administrative Court [was] not a legal entity subject to suit."); *Moore v. Crowley Courts*, 2007 WL 3071188, at *2 n.1 (N.D. Tex. 2007) (noting that the "Crowley Courts" were "not a legal entity subject to suit."); *Daniel v. Dallas Co. Comm'rs Court*, 2001 WL 167923, at *1 (N.D. Tex. 2001) (finding that a county court was not a separate jural entity that was subject to suit). Because the "Dallas County Courts" are not a jural entity that is subject to suit in a civil action, Perez's claims should be dismissed for failure to state a claim.

III.

The magistrate judge recommends the Court dismiss Perez's amended complaint under 28 U.S.C. §§ 1915A and 1915(e).

Signed October 27, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

4